746 So.2d 121 (1999)
LOUISIANA WORKERS' COMPENSATION CORPORATION, PlaintiffAppellant,
v.
Charles GRAYSON, Defendant Appellee.
No. 99-230.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1999.
Travis R. LeBleu, Baton Rouge, for La. Workers' Compensation Corp.
Charles E. Grayson, pro se.
BEFORE: THIBODEAUX, PETERS and GREMILLION, Judges.
THIBODEAUX, Judge.
The Louisiana Workers' Compensation Corporation appeals from the judgment of the Office of Workers' Compensation in favor of the claimant and against forfeiture of benefits under La.R.S. 23:1208.1 due to improper notice to the claimant. We affirm *122 the judgment of the workers' compensation judge.

I.

ISSUE
We must decide whether the use of the word "denial" instead of the word "forfeiture" in the Second Injury Fund Questionnaire was a fatal flaw to the notice requirement under La.R.S. 23:1208.1.

II.

FACTS
Charles Grayson filed a workers' compensation claim after injuring his back and right leg in the course and scope of his employment with Vernon Moving and Storage on September 15, 1997. The record reveals that Mr. Grayson had previously strained his back in February of 1996 while employed with Community Care Center, but that he did not lose time at work or file a workers' compensation claim for that injury. However, he was placed on light duty status for a period of time. Dr. David Steiner, who treated Mr. Grayson for both back injuries, indicated in an October 1997 medical report that Mr. Grayson's pain had "gotten steadily worse" since his visit approximately one and one half years before.
When Mr. Grayson obtained employment with the second employer, Vernon Moving and Storage, he answered and signed a Second Injury Fund Questionnaire indicating that he had never had an injury or strain to his knee, back or neck. Mr. Grayson subsequently asserted that he answered as he did because he had not lost hours or filed a claim for benefits for the first back injury and did not consider it serious.
At the bottom of the questionnaire signed by Mr. Grayson, above the signature line, in larger bold letters, the form contained a certification and notice which warned the employee that any false or misleading statements could lead to a denial of workers' compensation benefits and/or termination of employment. The second employer's insurer, Louisiana Workers' Compensation Corporation, filed a Petition for Declaratory Judgment to have Mr. Grayson's benefits forfeited based upon the false representations on the questionnaire.
The workers' compensation court found that Mr. Grayson had provided false information on the questionnaire, but that he would not suffer a forfeiture of benefits under La.R.S. 23:1208.1 because the notice above his signature was deficient. That is, the language in the notice stated that false statements could result in a "denial" of benefits rather than a "forfeiture" of benefits as provided for in the statute. On appeal, the Louisiana Workers' Compensation Corporation asserts that it was legal error for the trial court to find that Mr. Grayson had not violated La.R.S. 23:1208.1 because the language in the notice contained a fatal flaw. For the following reasons, we affirm the trial court's finding that the required notice was deficient in warning Mr. Grayson that misrepresentations about previous injuries could result in his "denial" of workers' compensation benefits under the statute.

III.

LAW AND DISCUSSION

Standard of Review
Appellate review of a question of law is simply a decision as to whether the lower court's decision is legally correct or incorrect. Scobee v. Brame, 98-564, p. 4 (La.App. 3 Cir. 10/28/98); 721 So.2d 977, 979, writ denied, 98-2952 (La.1/29/99); 736 So.2d 833 (quoting Ducote v. City of Alexandria, 95-1269, p. 2 (La.App. 3 Cir. 7/17/96); 677 So.2d 1118, 1120). When an appellate court finds that a reversible error of law was made in the lower court, it must conduct a de novo review of the entire record and render a judgment on *123 the merits. Rosell v. ESCO, 549 So.2d 840 (La.1989).

Assignment of Error
The Louisiana Workers' Compensation Corporation argues that the workers' compensation judge committed legal error in finding that the use of the word "denial" instead of the word "forfeiture" in the employer's questionnaire was a fatal flaw to the notice requirement under La.R.S. 23:1208.1. This statute provides that an employer may inquire about the employee's previous injuries, disabilities, and medical conditions, and that the employee's failure to answer truthfully can result in a forfeiture of benefits under certain circumstances.
More specifically, in order to find a violation of the statute, (1) there must be an untruthful answer; (2) there must be a direct relationship between the false answer and the medical condition for which a claim for benefits is made or the false answer must affect the employer's ability to receive reimbursement from the second injury fund; and (3) the questionnaire must prominently display, in bold letters of at least ten-point type, a notice to the employee that the employee's failure to answer truthfully may result in his forfeiture of workers' compensation benefits under La.R.S. 23:1208.1.
The workers' compensation judge found that Mr. Grayson had answered untruthfully regarding a prior back injury, and that the first back injury, which resulted in his being placed on light duty by the prior employer, bears a direct relationship to the medical condition which forms the basis for Mr. Grayson's claim for benefits resulting from the second accident. However, the workers' compensation judge concluded that the third element necessary to find a violation under La.R.S. 23:1208.1 was not met. The court articulated that the employer is also required by statute to notify the employee that a false or misleading statement may lead to a forfeiture of workers' compensation benefits. The pertinent notice requirement portion of La.R.S. 23:1208.1 provides as follows:
This Section shall not be enforceable unless the written form ... contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of workers' compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type.
(Emphasis added).
The court compared this statute with the notice language on the employer's questionnaire, entitled the "Second Injury Fund Questionnaire," which was provided to Mr. Grayson. It reads as follows: I certify that the above answers are true, and understand that any false or misleading statements may be reason for denial of workers' compensation benefits and/or termination of employment.
The workers' compensation court then concluded that "such notice on the Second Injury Fund Questionnaire signed by Grayson does comport with every requirement under the statute, with the fatal exception that it does not advise the employee that any untruthful statement may result in `forfeiture' of workers' compensation benefits." The court articulated its reasons as follows:
Although the distinction between the word "denial" and "forfeiture" may not seem great, the Court concludes that, in the context of this forfeiture provision, the distinction is quite significant. "Denial" is standardly defined as a refusal to comply with or satisfy a request. Webster's New College Dictionary, (1995 edition). "Forfeiture", on the other hand, is standardly defined as a surrender of something as punishment for a crime, offense, error, or breach of contract. Webster, supra. The reasonable claimant will likely not view a risk of "denial" of workers' compensation benefits as a risk that there will be an absolute bar to receipt of the same. *124 Worker's compensation benefits are frequently denied by employers; however, such denials may or may not be upheld by courts of law. On the other hand, a claimant should reasonably expect that when one is risking "forfeiture" of benefits, the risk is that the claim will be surrendered absolutelywithout the right to appeal such action.
Reinforcing this distinction is the legal definition of "forfeiture" as: "a divestiture of specific property without compensation; it imposes a loss by the taking away of some pre-existing valid right without compensation." BLACK'S LAW DICTIONARY 650 (6th ed.1990). Black's also defines "forfeiture" as a "deprivation or destruction of a right," and the "[l]oss of some right or property as a penalty for some illegal act" as well as a "[l]oss of property or money because of a breach of a legal obligation." Hence, the word "forfeiture" has a strong legal significance and connotes a destruction of a right and a "taking away" of property in connection with an illegal act that is not indicated by the word "denial." In fact, this "taking away" is illustrated in the companion article La.R.S. 23:1208(E) wherein "forfeiture" in some circumstances means the reimbursement/restitution or "taking back" of benefits already received. The word "forfeiture" implies far reaching legal ramifications that the word "denial" does not.
Accordingly, there is a significant distinction between a warning implying that a request for workers' compensation benefits may be denied and one which implies that all such benefits may be forfeited. We agree with the workers' compensation court that the notice is deficient and therefore that an essential element of the 1208.1 forfeiture of benefits has not been met.
We find our opinion to be in accordance with the tenet of law enunciated by the Louisiana Supreme Court in Wise v. J.E. Merit Constructors, Inc., 97-684 (La.1/21/98); 707 So.2d 1214, which declares that because forfeiture is a harsh remedy, statutory forfeiture must be strictly construed.

IV.

CONCLUSION
Based upon the foregoing reasons, we affirm the judgment of the Office of Workers' Compensation that the elements necessary for a forfeiture of benefits have not been met. All costs of this appeal are assessed against the Louisiana Workers' Compensation Corporation.
AFFIRMED.