11 COOKS, Judge.
STATEMENT OF THE CASE
Shirley Stiner was employed by Antoni’s Italian Café as a cook and kitchen helper. *81 On July 21, 2001, she injured her back, neck and stomach when she fell from a ladder while cleaning a range top hood. She reported the accident to her employer and was treated at Our Lady of Lourdes Medical Center and University Medical Center for her injuries. Initially, Antoni’s paid Ms. Stiner indemnity benefits and approved medical treatment. However, on September 4, 2001, Antoni’s terminated all benefits based on La.R.S. 23:1208.1, claiming Ms. Stiner provided false information regarding previous injuries on a Medical History Questionnaire.
Ms. Stiner filed a Motion for Summary Judgment asserting the language contained in the questionnaire failed to satisfy the notice requirements of La.R.S. 23:1208.1 and was therefore invalid. Ms. Stiner relied on this Court’s opinion in Louisiana Workers’ Compensation Corp. v. Grayson, 99-230 (La.App. 3 Cir. 10/13/99); 746 So.2d 121. The workers’ compensation judge granted Ms. Stiner’s Motion for Summary Judgment and this appeal followed. For the reasons assigned below, we affirm the judgment of the workers’ compensation judge.
LAW AND ARGUMENT
The Medical History Questionnaire signed by Ms. Stiner and relied on by Antoni’s contains the following language:
Pursuant to LSA R.S. 23:1208.1, I understand that the failure to answer truthfully any of the above questions may result in a denial of any right I or my dependant(s) may have to worker’s compensation benefits, including medical treatment and expenses.
(Emphasis added)
La.R.S. 23:1208.1 provides in relevant part:
This section shall not be enforceable unless the written form on which the inquires about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may Rresult in his forfeiture of worker’s compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type.(emphasis added)
In order for an employer to rely on the statute, (1) there must be an untruthful answer; (2) there must be a direct relationship between the false answer and the medical condition for which a claim for benefits is made or the false answer must affect the employer’s ability to receive reimbursement from the second injury fund; and (3) the questionnaire must prominently display, in bold letters of a least ten-point type, a notice to the employee that the employee’s failure to answer truthfully may result in his forfeiture of workers’ compensation benefits under La.R.S. 23:2308.1.
In Grayson, 746 So.2d 121, this Court examined the notice requirement of the statute. The employer questionnaire in Grayson contained the following language, which is virtually identical to the language in the medical history form signed by Ms. Stiner:
I certify that the above answers are true, and understand that any false or misleading statements may be reason for denial of workers’ compensation benefits and/or termination of employment.
(Emphasis added)
This Court held the term “denial” did not adequately place an employee on notice that he may suffer the loss of compensation benefits as a penalty for an inaccurate statement on the medical history questionnaire and thus did not fulfill the *82 notice requirements of La.R.S. 23:1208.1. This Court stated:
Reinforcing this distinction is the legal definition of “forfeiture” as: “a divestiture of specific property without compensation; it imposes a loss by the taking away of some pre-existing valid right without compensation.” Black’s Law Dictionary 650 (6th ed.1990). Black’s also defines “forfeiture” as a “deprivation or destruction of a right,” and the “Moss of some right or property as a penalty for some illegal act” as well as a “Moss of property or money because of a breach of a legal obligation.” Hence, the word “forfeiture” has a strong legal significance and connotes a destruction of a right and a “taking away” of property in connection with an illegal act that is not indicated by the word “denial.”... The word “forfeiture” implies far reaching legal ramifications that the word “denial” does not.
^Accordingly, there is a significant distinction between a warning implying that a request for workers’ compensation benefits may be denied and one which implies that all such benefits may be forfeited.
Grayson, 746 So.2d at 124.
We find Grayson controlling in this case and hold the language in the Medical History Questionnaire used by Antoni’s did not give Ms. Stiner the proper notice required by the statute. Additionally, “[b]ecause statutory forfeiture is a harsh remedy, its application must be strictly construed.” City of Eunice v. Carrier, 01-1184, p. 4 (La.App. 3 Cir.2/20/02), 821 So.2d 3, 7.
Ms. Stiner contends the appeal by Antoni’s is frivolous and requests penalties and attorney fees. The penalty provisions of the statute are invoked if the employer is found to have been arbitrary, capricious, or without probable cause in the termination of benefits and medical expenses. Hebert v. Cigna, 93-1400 (La.App. 3 Cir.5/25/94); 637 So.2d 1221. If the employer had a reasonable basis for believing medical expenses and compensation were not due, the employer will not be cast with penalties and attorney fees. A determination of whether the employer acted unreasonably is a question of fact and the workers’ compensation judge’s decision will not be disturbed absent manifest error. Hubert Dietz v. Guichard Drilling Co., 626 So.2d 79 (La.App. 3 Cir.1993). In this case, the workers’ compensation judge declined to impose penalties and attorney fees at the summary judgment stage of the proceeding, noting the request was “premature” and indicating there may be other facts in dispute involved in Antoni’s decision to terminate Ms. Stiner’s benefits which would be resolved at trial. We agree with the determination of the workers’ compensation judge and, therefore, affirm the decision and assess all costs of this appeal to Antoni’s Italian Café.
AFFIRMED.