WEIMER, Justice.
The limited issue before this court is whether use of the word “denial” in a statutorily mandated notice contained on a medical history questionnaire is sufficient to advise a potential employee that failure to truthfully answer the questions may result in forfeiture of any right to future workers’ compensation benefits. A writ of certiorari was granted to resolve a split in the circuits.
For reasons that follow, we conclude use of the word denial provides sufficient notice to an employee that untruthful answers on the medical history questionnaire may result in forfeiture of future benefits. The decisions of the lower courts granting and affirming claimant’s motion for summary judgment are reversed. The matter is remanded to the Office of Workers’ Compensation, District 4, for further proceedings in conformity with the views expressed in this opinion to determine whether claimant has forfeited the right to benefits.[1]
| .FACTS AND PROCEDURAL BACKGROUND
Shirley Stiner was employed by Antoni’s Italian Café as a cook and kitchen helper. While cleaning a range top hood on July 21, 2001, she fell from a ladder sustaining injury to her back, neck and stomach. Indemnity benefits and medical treatment were provided until September 4, 2001, at which time the employer terminated benefits claiming Ms. Stiner provided false information regarding previous injuries on a Medical History Questionnaire completed on October 1, 1999. The employer based its decision on the provisions of LSA-R.S. 23:1208.1 which provide for forfeiture of benefits if an employee fails to truthfully answer a medical questionnaire regarding previous injuries, disabilities, or other medical conditions and such untruthfulness causes prejudice to the employer.
In response to the termination of benefits, Ms. Stiner filed a motion for summary judgment asserting that language used in the questionnaire failed to satisfy the notice requirements of the statute thus rendering the form invalid. The motion for summary judgment was based on the decision rendered in Louisiana Workers’ Compensation Corporation v. Grayson, 99 230 (La.App. 3 Cir. 10/13/99), 746 So.2d 121.
*402 Following a hearing on the motion for summary judgment, the workers’ compensation judge granted summary judgment in favor of the employee in conformity with the holding in Grayson. Because the workers’ compensation judge determined that the notice was inadequate, issues as to whether the allegedly untruthful answer(s) directly related to the medical condition for which a claim for benefits was made or affected the employer’s ability to receive reimbursement from the second injury fund were not considered. See LSA-R.S. 28:1208.1. The employer appealed.
LOn appeal, the third circuit relied on decisions rendered in Grayson, supra, and City of Eunice v. Carrier, 01-1184, (La.App. 3 Cir. 2/20/02), 821 So.2d 3. In Grayson, the court examined the notice requirement of the statute and held that use of the term “denial” instead of the term “forfeiture” in the notice did not adequately place an employee on notice that loss of compensation benefits may be imposed as a penalty for a false statement on the medial history questionnaire. Because the court held the notice deficient, an essential element of the statute had not been met. Grayson, 99-230 at 6, 746 So.2d at 124. Therefore, the court held the wording of the notice used by the employer in this case did not fulfill the notice requirements of LSA-R.S. 23:1208.1 and did not give Ms. Stiner the proper notice required by statute. Stiner v. Antoni’s Italian Café, 02-747 (LaApp. 3 Cir. 12/18/02), 839 So.2d 80, 82. Additionally, the court noted that forfeiture is a harsh remedy and, citing City of Eunice v. Carrier, 01-1184 at 4, 821 So.2d at 7, held the statute must be strictly construed.
Defendant, relying on the case of Boh Bros. Construction Co. v. Price, 2000-2233 (La.App. 4 Cir. 8/29/01), 800 So.2d 898, writ denied, 01-2623 (La. 12/14/01), 804 So.2d 634, in which the Fourth Circuit court of appeal held that a notice using the word “denial” rather than “forfeiture” provided sufficient warning of the consequences for failure to answer questions truthfully, sought a writ of certiorari with this court to resolve the split between the third and fourth circuits. This court granted the writ of certiorari. Stiner v. Antoni’s Italian Café, 03-0209 (La.4/4/03), 840 So.2d 1209.
DISCUSSION
Prior decisions of the third and fourth circuit courts of appeal reached opposite results on the issue of whether use of the word “denial” in the notice required pursuant 14to LSA-R.S. 23:1208.1 was sufficient to warn an employee of the consequences of a failure to truthfully answer a medical history questionnaire presented by the employer.
The notice language at issue in Grayson read as follows: “I certify that the above answers are true, and understand that any false or misleading statements may be reason for denial of workers’ compensation benefits and/or termination of employment.” Grayson, 99-230 at 5, 746 So.2d at 123. The workers’ compensation judge considered the definitions of denial and forfeiture. While acknowledging that the distinction between the two may not seem great, the court found the distinction to be quite significant in the context of the forfeiture provision. The court found a reasonable claimant would not view risk of denial of benefits as an absolute bar to receipt of benefits. The third circuit court of appeal agreed and affirmed the judgment. The third circuit found that the word forfeiture connotes “a destruction of a right and a ‘taking away’ of property in connection with an illegal act.” The court found forfeiture implied serious legal consequences while denial did not. Grayson, 99-230 at 6, 746 So.2d at 124. Citing Wise *403 v. J.E. Merit Constructors, Inc., 97-684 (La.1/21/98), 707 So.2d 1214, for the proposition that statutory forfeiture must be strictly construed, the court found use of “denial” in the notice required by LSA-R.S. 23:1208.1 was insufficient. Grayson, 99-230 at 6, 746 So.2d at 124.
The fourth circuit court of appeal considered a similar notice in the case of Boh Bros. Construction Co., which provided in bold-faced type: “I AM AWARE THAT FALSIFICATION OF ANY ANSWER WILL BE GROUNDS FOR MY IMMEDIATE DISMISSAL AND MAY RESULT IN DENIAL OF WORKERS’ COMPENSATION BENEFITS.” Boh Bros. Construction Co., 2000-2233 at 5, 800 So.2d at 901-902. The workers’ compensation judge found Boh Brothers failed to | ^establish that the worker violated the statute. The fourth circuit disagreed, finding the employee had answered the questionnaire untruthfully.
The court then examined the notice to determine whether it complied with the statutory requirements. While acknowledging the distinct definitions of denial and forfeiture as well as their significance as outlined by the workers’ compensation judge and the court of appeal in Grayson, the fourth circuit declined to adopt that interpretation because the court found no indication the third circuit had considered the intended purpose of LSA-R.S. 23:1208.1 in arriving at its decision. Boh Bros. Construction Co., 2000-2233 at 9, 800 So.2d at 904.
In Resweber v. Haroil Construction Company, 94-2708, 94-3138 (La.9/5/95), 660 So.2d 7, this court considered the legislative history and intent of the anti-fraud provisions of the Louisiana Workers’ Compensation Act. LSA-R.S. 23:1208 and LSA-R.S.23:1208.1.[2] This court noted that when LSA-R.S. 23:1208.1 was enacted in 1988, effective January 1, 1989, the statute did not contain a forfeiture provision.[3] It merely granted an employer permission to inquire about previous workers’ compensation claims paid to an individual while employed by a previous employer. The statute concluded with the following statement: “[T]he employee shall answer truthfully.” However, the statute was amended in 1989, effective January 1, |fi1990, to include a forfeiture of benefits provision as well as a notice requirement. Resweber, 94-2708, 94-3138 at 8-9, 660 So.2d at 13.
In Resweber, this court reasoned that a notice provision was added because an employee completing a medical history questionnaire regarding prior medical history in connection with employment or at a time prior to an injury might not be fully aware of the consequences of being less than truthful. In this regard, the court held the notice requirement was based on “the timing of the statement and the context in which it [was] made.” Resweber, *404 94-2708, 94-3138 at 10, 660 So.2d at 13. The court added: “where the false statement is made at a time prior to any workers’ compensation claim, and arises in a context completely unrelated to workers’ compensation, an employee may not be aware of the full ramifications of giving a false statement and, accordingly, the legislature, in Section 1208.1, imposed a notice requirement in such a situation.” Resweber, 94-2708, 94-3138 at 10, 660 So.2d at 13-14.
Following the 1989 amendment, LSA-R.S. 23:1208.1 provides:
Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee’s forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer’s ability to receive reimbursement from the second injury fund. This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker’s compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type.
At issue in this matter is a determination of the adequacy of the notice provided to the claimant in the medical questionnaire completed at the time she was employed 17by the defendant. The form completed by Ms. Stiner consisted of three pages each of which contained a similar notice.[4]
*405 The statute requires that the employee be given notice that a failure to answer truthfully may result in a loss of benefits. Although the legislature did not mandate specific language to be used in the notice, the statute does specify the manner in which the notice must be given. The print and point type to be used for the notice is mandatory. The statute provides the notice “shall be prominently displayed in bold faced block lettering of no less than ten point type.” LSA-R.S. 23:1208.1. (Emphasis added.) Use of the word shall is mandatory. LSA-R.S. 1:3. Conspicuously absent is a requirement that the notice contain any specific language. Although the word forfeiture appears in the statute, there is nothing within the statute which mandates its |8use. The legislature is fully capable of specifying the exact verbiage or the precise form which must be used to fulfill a notice requirement if it so chooses. See LSA-R.S. 22:1406(D)(l)(a)(ii).[5]
Because of a split in the circuits, this court is called upon to decide whether use of the word “denial” in the notice is sufficient to warn the employee of the consequences for untruthfulness. If we evaluate the words by reference to the dictionary,[6] we note that both “denial” and “forfeiture” suggest negative consequences. Denial is defined as “[a] refusal or rejection” or “the refusal of something requested or desired,” “a statement that something is not true”. Forfeiture is defined as “[t]he loss of a right, a privilege, or property because of a crime, breach of obligation, or neglect of duty;” or “lose or be deprived of [something] as a penalty for wrongdoing.” BLACK’S LAW DICTIONARY, 445, 661 (7th ed.1999); THE NEW OXFORD AMERICAN DICTIONARY, 456, 664 (2001).
Truthfulness is an ethical obligation; no law should be necessary to command truthfulness. The law can appropriately prescribe the sanction for untruthfulness. In its initial version, LSA-R.S. 23:1208.1 mandated truthfulness, but prescribed no penalty. Thereafter, the provision was amended and a penalty was prescribed.
While a notice that tracks the language of the statute might be preferable, this court cannot hold that such language is mandatory because nothing in the statute mandates specific language. An employer is free to use the language of its choice in confecting the notice provided the consequences of the failure to answer truthfully are 19clear. Allowing an employer to choose the qualifying language does not grant an employer license to use language which would confuse or befuddle an employee. Neither is it license to use some form of legalese to ensnare an unsuspecting employee.
We have carefully considered the opinions of the third and fourth circuits and note the fact specific circumstances of each case may have influenced the decisions as rendered by the respective courts. The claimant in Grayson had strained his back *406 on a job in February 1996. Although he was treated by a physician who placed him on light duty status for a very brief period of time, he never missed work or filed a compensation claim. In connection with his employment by Vernon Moving and Storage, Grayson completed a second injury fund questionnaire on which he indicated that he never had an injury or strain to his knee, back, or neck. During September 1997, he injured his back in a work related accident and filed a workers’ compensation claim. The workers’ compensation judge found Grayson provided false information on the form, but also found the notice on the form signed by Grayson deficient because it did not include the word forfeiture. Grayson, 99-230 at 4-5, 746 So.2d at 123.
By contrast, the claimant in the Boh Bros. Construction Co. case failed to disclose an earlier neck injury that required surgery and resulted in temporary partial disability, a workers’ compensation claim, unemployment for two and a half years, and a successful tort claim. Additionally, the claimant’s testimony that he had been released to work when he applied for employment with Boh Bros, was contradicted by that of his treating physician. Under these circumstances, the court found claimant’s failure to answer truthfully was significant and forfeiture was an appropriate remedy. The court held that use of denial in the notice was sufficient. Boh Bros. Construction Co., 2000-2233 at 11, 800 So.2d at 905.
| inBecause of the split in the circuits, we are required to focus on the language of the statute to determine the adequacy of the notice and to provide guidance as to what constitutes proper notice.
Claimant argues in this court that the statute is clear and unambiguous; therefore, a resort to legislative intent is wholly inappropriate. Claimant further suggests that the solemn expression of legislative will is circumvented by allowing the use of the word denial in the notice. According to the claimant, use of any word other than forfeiture fails to give the employee proper notice of the serious and severe consequences resulting from an untruthful answer on the medical history questionnaire.
However, we find the decision of the fourth circuit in Boh Bros. Construction Co. to be the better reasoned approach. Absent legislatively mandated language, use of denial in the notice provides an employee with sufficient warning of the consequences of not answering in a truthful manner. The word “denial” is short, simple, concise, and sufficiently clear to put an employee on notice that workers’ compensation benefits could be lost if the employee fails to answer the questionnaire truthfully and such untruthfulness causes prejudice to the employer. The form used in this case put the employee on notice that there were consequences in the nature of workers’ compensation benefits being denied, if the employee failed to answer truthfully. The employee was fully and adequately informed that a failure to answer truthfully could result in benefits being adversely impacted.[7]
The statute provides for forfeiture under narrow circumstances. There must be an untruthful statement which causes preju *407 dice to the employer and compliance with Inthe notice requirements of the statute. Wise, 97-684 at 7, 707 So.2d at 1218. An employer has the burden of proving each element. Failure to prove any one of the elements is fatal to the employer’s avoidance of liability for benefits. Id.
Because the workers’ compensation judge granted the motion for summary judgment after deeming the notice inadequate, the employer was not called upon to establish whether an untruthful statement by the employee prejudiced the employer. Considering the ruling of this court, the matter must be remanded to the Office of Workers’ Compensation, District 4, for a resolution of the other issues to determine whether Shirley Stiner’s benefits should be terminated.
CONCLUSION
We find that use of the word “denial” in the notice provided to Ms. Stiner was effective for purposes of the statute. For the foregoing reasons, the judgment of the workers’ compensation judge granting claimant’s motion for summary judgment and the opinion of the court of appeal affirming that judgment are reversed. The matter is remanded to the Office of Workers’ Compensation, District 4, for further review to determine whether claimant’s right to workers’ compensation benefits should be denied.
REVERSED; REMANDED.

. For a discussion of issues related to forfeiture of benefits by employees who untruthfully answer a medical history questionnaire, see Nabors Drilling USA v. David Davis, 03-0136 (La. 10/21/03), 857 So.2d 407, decided this date.

. In contrasting Sections 1208 and 1208.1, this court concluded that Section 1208 was clear and unambiguous as written and that the requirements for a Section 1208 forfeiture were a false statement or representation, wil-fully made, for the purpose of obtaining or defeating any benefit or payment. The court found it clear from the legislative history that the legislature intended that any false statement or representation wilfully made for the purpose of obtaining benefits would result in forfeiture of those benefits. No notice is required for forfeiture under Section 1208. Resweber, 94-2708, 94-3138 at 7, 660 So.2d at 12.

. LSA-R.S. 23:1208.1 as enacted in 1988 read as follows:
Nothing in this Title shall prevent an employer from inquiring about previous worker's compensation claims paid to the employee while said individual was employed by a previous employer, and the employee shall answer truthfully.

. One page entitled MEDICAL HISTORY QUESTIONNAIRE informed the prospective employee of the purpose of the inquiry into previous medical history and advised that the information gathered would be kept confidential in a separate medical file apart from the personnel file. Immediately above the line for the employee’s name, date, social security number and signature appeared the following notice:
I FURTHER UNDERSTAND THAT THE FAILURE TO ANSWER TRUTHFULLY ANY OF THE MEDICAL QUESTIONS MAY RESULT IN A DENIAL OF ANY RIGHT I OR MY DEPENDENT(S) MAY HAVE TO WORKER’S COMPENSATION BENEFITS, INCLUDING MEDICAL TREATMENT AND EXPENSES. IN ADDITION, ANY FALSE STATEMENTS ON THIS DOCUMENT IS [SIC] GROUNDS FOR IMMEDIATE TERMINATION OR OTHERWISE APPROPRIATE DISCIPLINARY ACTION, PURSUANT TO LSA-R.S. 23:1208.1.
A second page, also entitled MEDICAL HISTORY QUESTIONNAIRE, included a listing of 32 conditions for which the employee was to indicate YES or NO as to whether he/she currently had or previously suffered any of the conditions. A YES answer required further clarification as to the nature of the condition or injury, treatment received and the name of the doctor providing the treatment. This page also contained a signature line for the employee as well as a notice which read as follows:
PURSUANT TO LSA-R.S. 23:1208.1, THE FAILURE TO ANSWER TRUTHFULLY ANY OF THE QUESTIONS BELOW MAY RESULT IN A DENIAL OF ANY RIGHT YOU OR YOUR DEPENDENT(S) MAY HAVE TO WORKERS' COMPENSATION BENEFITS, INCLUDING MEDICAL TREATMENT AND EXPENSES.
A third page, also entitled MEDICAL HISTORY QUESTIONNAIRE, consisted of 9 questions followed by a notice which read as follows:
PURSUANT TO LSA-R.S. 23:1208.1, I UNDERSTAND THAT THE FAILURE TO ANSWER TRUTHFULLY ANY OF THE ABOVE QUESTIONS MAY RESULT IN A DENIAL OF ANY RIGHT I OR MY DEPENDENT® MAY HAVE TO WORKER'S COMPENSATION BENEFITS, INCLUDING MEDICAL TREATMENT & EXPENSES.
I HAVE READ IN ENTIRETY AND FULLY UNDERSTAND THE ABOVE.
*405 The above was followed by a signature and date line which the employee signed and dated.

. LSA-R.S. 22:1406(D)(l)(a)(ii) provides in pertinent part:
After September 1, 1987, such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance.

. Justice Robert Jackson said the dictionary is the last resort of the baffled judge.” See Jordan v. DeGeorge, 341 U.S. 223, 234, 71 S.Ct. 703, 709, 95 L.Ed. 886 (1951). Dictionaries are a valuable source for determining the "common and approved usage” of words. Gregor v. Argenot Great Central Insurance Company, et al, 02-1138, p. 7 (La.5/20/03), 851 So.2d 959, 964.

. We note the notice provided not only specifically referenced the applicable statute, but also advised the employee on each and every page of the questionnaire that workers’ compensation benefits, including medical treatment and expenses, could be denied due to untruthful responses. In the context of completing an employment questionnaire, the fine line distinctions between forfeiture and denial would escape all but a grammarian armed with a dictionary. Whether due to a denial or a forfeiture, the ultimate result is the same-benefits are not received.